**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of herself
and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————X
:
CATHY PEREZ, on behalf of herself and all other :
similarly situated, :
:
          Plaintiff, : Civil Action No.
:
vs. : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
WILLIAMS, ALEXANDER & ASSOCIATES, :
INC. :
:
          Defendant. :
:
——————————————————X

    Plaintiff CATHY PEREZ, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendant WILLIAMS, ALEXANDER & ASSOCIATES, INC., its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action for actual and statutory damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the

Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief Defendant WILLIAMS,

ALEXANDER & ASSOCIATES, INC. ("WAA") is a corporation organized under the laws of the State of New Jersey with its principal place of business located in Wayne, New Jersey.

9. Upon information and belief, defendant is a company or business that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class initially consists of:

- All New Jersey consumers who were sent letters and/or notices from Defendant which contained at least one of the alleged violations of 15 U.S.C. § 1692 et seq. as set forth herein.
- The Class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of

all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A and B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692e, 1692f and 1692g;

    b. Whether Defendant made misrepresentations regarding credit reporting.

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.  Whether Plaintiff and the Class are entitled to declaratory relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Prior to January 1, 2016, Plaintiff allegedly incurred a financial obligation to Gastroenterology Associates of New Jersey.

15. The Gastroenterology Associates of New Jersey obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Gastroenterology Associates of New Jersey obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Gastroenterology Associates of New Jersey is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. Gastroenterology Associates of New Jerseys is a provider of medical services.

19. At some time prior to January 1, 2016, the Gastroenterology Associates of New Jersey obligation became past due.

20. At some time prior to March 24, 2016, the Gastroenterology Associates of New Jersey obligation was referred to Defendant WAA for collection.

21. On or about March 24, 2016, Defendant WAA sent Plaintiff a collection letter with a Total Due amount of $551.27. See, attached Exhibit A.

22. The March 24, 2016 was Defendant WAA's initial communication to Plaintiff.

23. The March 24, 2016 collection letter provided:

However, we do and will utilize whatever means are necessary and permissible by law to protect our client's interests. In addition, we are a credit reporting source, and we forward all valid debt information to the national credit bureaus.

24. On or about August 10, 2016, Defendant WAA sent Plaintiff a collection letter with a Total Due amount of $551.27. See attached Exhibit B.

25. The August 10, 2016 collection letter provided:

We are a credit reporting source and have forwarded all valid debt information to the national credit bureaus. This will impact your future ability to obtain credit and/or loans.

26. The statements in the March 24 and August 10 letters that WAA forwards or has forwarded all valid debt information to the national credit bureaus implies that Defendant WAA forwards or has forwarded Plaintiff's debt information to **all** of the national credit bureaus.

27. Based upon information and belief Defendant WAA did not in fact send Plaintiff's debt information to "all" of the national credit bureaus.

28. Additionally, language contained in the March 10 collection letter regarding credit reporting overshadows Plaintiff's rights under section 1692g.

29. Furthermore, it is believed that the amount of the debt that Defendant was collecting on was not $551.27, which amount Defendant reported to the credit reporting agencies. Instead, based upon information and beliefm the amount of the debt that

Defendant was collecting on was only $466.15, with the balance being collected upon by another collection agency.

30. Additionally, the language in the August 10 letter that the forwarding of Plaintiff's debt information to the national credit bureaus will impact her future ability to obtain credit and/or loans is not true since not all reporting events will impact credit and not all lenders rely on credit reports.

31. The August 10 letter also provided that:

You have received prior notification from Williams, Alexander & Associates concerning this debt and your rights under the Fair Debt Collection Practices Act.

32. This statement in the August 10 letter regarding Defendant providing Plaintiff with her rights under the FDCPA is false, misleading or deceptive since it implies that Defendant has provided Plaintiff with notification of all of her rights. However, in fact Plaintiff has other rights under the FDCPA, which Defendant did not inform Plaintiff of.

33. As such, Defendant WAA's statements as to such contained in the March 24 and August 10 collection letters are false, misleading or deceptive.

34. The March 24 and August 10 collection letters were sent to Plaintiff in connection with the collection of the Gastroenterology Associates of New Jersey obligation.

35. The March 24 and August 10 collection letters were each a "communication" as defined by 15 U.S.C. §1692a(2).

36. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

37. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

38. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

39. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

40. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant.

41. Plaintiff had the right to receive from Defendant accurate information as to amount of the debt.

42. The collection letters caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information as to the actual amount of the alleged debt that she owed.

43. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

45. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete

injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

46. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

47. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

48. Defendant's providing of incorrect and inflated debt information may have a negative impact on Plaintiff's credit score, can impact her ability to get credit, and can subject her to higher borrowing cost in the future.

49. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

50. Within the last year, Defendant sent collection letters to numerous New Jersey consumers that included in accurate information about credit reporting. .

51. Within the last year, Defendant sent collection letters to numerous New Jersey consumers that inaccurate information about their rights.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

52. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

53. Defendant WAA violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

54. By sending collection letters, the same as or substantially similar to the March 24 and August 10 letter, Defendant WAA violated several provisions of the FDCPA, including, but not limited:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken.

E. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false

F. 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

G. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

  H. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; and

  I. 15 U.S.C. §1692g and 15 U.S.C. §1692g(b) by engaging in collection activity which overshadows Plaintiff's rights.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Rutherford, New Jersey
    March 24, 2017

            Respectfully submitted,


            By: s/ Lawrence C. Hersh
             Lawrence C. Hersh, Esq.
             17 Sylvan Street, Suite 102B
             Rutherford, NJ  07070
             (201) 507-6300

*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

  I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 24, 2017    By: s/ Lawrence C. Hersh
             Lawrence C. Hersh, Esq

EXHIBIT A

**WILLIAMS, ALEXANDER & ASSOCIATES**
PO Box 2148
Wayne, NJ 07474-2148

*A Division of Williams, Alexander & Associates, Inc.*
973-709-0400 • 800-239-8711 • Fax 973-709-0600
New York, NY License #0999016

Return Service Requested

Creditor: Gastro Assoc of NJ LLC
Date of Debt: 09/22/2015
Debt Amount: $551.27
**Total Due:** **$551.27**

30

CATHY PEREZ

Williams, Alexander & Associates
PO Box 2148
Wayne, NJ 07474-2148

☐ MasterCard ☐ [Discover] ☐ VISA

Card Holder Name:_____ Card Number:_____
Signature of Card Holder:_____ Exp. Date:_____ CCV2:_____

*Please detach and return upper portion with payment.*

3/24/2016

Dear CATHY PEREZ:

Our client, Gastro Assoc of NJ LLC, has presented to this office a claim against you in the amount shown. As final consideration, we will postpone recovery efforts to allow you sufficient time to remit payment in full or contact me in order to discuss whether or not this particular debt could qualify for an installment payment plan.

Please note that it is the policy of Williams, Alexander & Associates to resolve our client's accounts amicably. However, we do and will utilize whatever means are necessary and permissible by law to protect our client's interests. In addition, we are a credit reporting source, and we forward all valid debt information to the national credit bureaus.

**Our client's records show that this debt is past due and needs to be paid in full.**

We sincerely trust that you realize the seriousness of this matter and will use the enclosed envelope to send the upper portion of this statement with your payment for $551.27 to Williams, Alexander & Associates, PO Box 2148, Wayne, NJ 07474-2148.

Sincerely,


Peter Grant, Debt Collector

:cwj               *Get additional payment information at www.willalex.com.*

---

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt, and any information obtained will be used for that purpose.

3.2016030951001.00030                                                               WIFTR1 09/06/01

EXHIBIT B

**WILLIAMS, ALEXANDER & ASSOCIATES**
*A Division of Williams, Alexander & Associates, Inc.*
973-709-0400 • 800-239-8711 • Fax 973-709-0600
New York, NY License #0999016

PO Box 2148
Wayne, NJ 07474-2148

Return Service Requested

Date of Debt:  09/22/2015
Total Due:  $551.27

820
CATHY PEREZ

Williams, Alexander & Associates
PO Box 2148
Wayne, NJ 07474-2148

☐ MasterCard  ☐ [Discover]  ☐ VISA

Card Holder Name: _____  Card Number: _____
Signature of Card Holder: _____  Exp. Date: _____

*Please detach and return upper portion with payment.*

---

8/10/2016

Dear CATHY PEREZ:

You were previously advised that the above mentioned item owed to Gastro Assoc of NJ LLC is delinquent. To date, there has been no response with regard to requests for payment to satisfy this matter. We are a credit reporting source and have forwarded all valid debt information to the national credit bureaus. This will impact your future ability to obtain credit and/or loans.

We have been authorized to take whatever action is necessary and appropriate to collect this money. We sincerely trust that you realize the seriousness of this matter and will use the enclosed envelope immediately to send the upper portion of this statement with your money order for $551.27 to Williams, Alexander & Associates, PO Box 2148, Wayne, NJ 07474-2148.

Sincerely,

M McGuire, Debt Collector

:cwj

*Get additional payment information at www.willalex.com.*

---

This is an attempt to collect a debt, and any information obtained will be used for that purpose. You have received prior notification from Williams, Alexander & Associates concerning this debt and your rights under the Fair Debt Collection Practices Act.